**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dominic Driver,<br><br>Plaintiff,<br><br>v.<br><br>Good Works Auto Repair LLC, et al.,<br><br>Defendants. | No. CV-23-01900-PHX-GMS<br><br>**ORDER** |

Pending before the Court is Defendants' Motion to Dismiss For Failure to State a Claim (Doc. 11). For the reasons detailed below, Defendants' Motion is denied in part and granted in part.

## BACKGROUND

This case involves Plaintiff's Americans with Disabilities Act ("ADA") and state employment law claims against Defendants. The Plaintiff has made the following allegation in his Complaint (Doc. 1).[1]

Beginning on December 5, 2018, Dominic Driver ("Plaintiff") was employed by Good Works Auto Repair, LLC ("Good Works") as general manager. (Doc. 1 at 5).

---

[1] Defendants challenge much of Plaintiff's presented facts by attaching almost 700 pages to their Motion to Dismiss for Failure to State a Claim (Doc. 11). Defendants attach, among other documents, signed contracts with Plaintiff, employee earnings reports, the employee handbook, and payroll summaries. Apart from Plaintiff's April 19, 2022, agreement to return to work (Doc. 11-7 at 2)—which Plaintiff relies on and quotes in his Complaint—these documents cannot be properly considered at the Motion to Dismiss stage without converting it into a motion for summary judgment.

Plaintiff maintained a positive working relationship with Mr. and Mrs. Hayward, the owners and operators of Good Works. (*Id.* at 3–5). On November 27, 2021, Plaintiff fainted while exiting his vehicle. (*Id.* at 5). Plaintiff suffered traumatic brain injury, several skull fractures, brain bleeds, a ruptured ear drum, and blood clots. (*Id.*). Additionally, Plaintiff's heartbeat slowed because of his injury, requiring the installation of a pacemaker. (*Id.* at 5–6). Plaintiff's doctor provided Defendants a note explaining that Plaintiff could return to work on January 1, 2022. (*Id.* at 6).

According to Plaintiff, his return to work was accompanied by tension with Defendants: Mr. and Mrs. Hayward would routinely dismiss Plaintiff as "not thinking clearly" or blame his "brain trauma" if they ever disagreed with his decisions. (*Id.*). They would also send Plaintiff home, thereby reducing his pay. (*Id.*). On January 24, 2022, Plaintiff's medical team provided Defendants notes stating Plaintiff could continue to work but with a few restrictions: he could not lift 10 pounds and had to complete desk work only for two months, that he could not lift above 50 pounds after that time, and had to begin working three days a week and move toward five days a week. (*Id.* at 6–7). Plaintiff alleges the Defendants nonetheless required him to build 200 pound shelves and would send him home if he tried to adhere to his lifting limits. (*Id.* at 7). Plaintiff also alleges a particular experience where Mrs. Hayward ridiculed him for symptoms relating to his injury. (*Id.*). In April 2022, Plaintiff's doctor lifted the restrictions from Plaintiff's employment, but kept work at three days a week until Plaintiff could tolerate five days a week.[2] From April 11 through April 25, Defendants refused to allow Plaintiff to work, forcing him to use limited Paid Time Off ("PTO"). (*Id.*).

Plaintiff returned to work a second time, on April 25, 2022, and was presented a document with four conditions for his continued employment: (1) Defendants could send Plaintiff home whenever they deemed work was hindering recovery or stressing the team; (2) regular written communication with Plaintiff's medical team; (3) Plaintiff had to meet with Defendants regularly; and (4) Plaintiff's salary would be prorated to account for

---

[2] Plaintiff explains that the note was dated April 25, 2022, which Plaintiff alleges was a typo as the date should have been April 15, 2022. (Doc. 1 at 7).

increased PTO need. (*Id.* at 7–8). On April 29, 2022, Plaintiff's doctor provided Defendants with a note stating he could return to work without restriction. (*Id.* at 8).

On May 1, 2022, Defendants gave Plaintiff a letter informing him that they "feel it is necessary, for your recovery, to grant you 12 weeks of FMLA leave." (*Id.*). After that time, the Defendants would reevaluate Plaintiff's condition. (*Id.*). After receiving this note, three of Plaintiff's doctors provided Defendants with notes having authorized him to return to work with no restrictions as of April 29, 2022. (*Id.* at 8–9). According to Plaintiff, on May 12, 2022, Defendants terminated Plaintiff because he was not mentally capable of performing his job duties. (*Id.* at 9). Mr. Hayward allegedly stated that he did not care what Plaintiff's doctors said and further explained that Plaintiff was being terminated because Defendants realized that they could not put Plaintiff on FMLA leave. (*Id.*). Plaintiff's termination was confirmed in a termination letter dated May 10, 2022. (*Id.*).

On September 11, 2023, Plaintiff filed his complaint alleging five counts against Defendants: (I) Failure to Provide Reasonable Accommodation under the ADA; (II) Discriminatory Discharge under the ADA; (III) ADA Retaliation; (IV) Wrongful Termination under the Arizona Employment Protection Act, A.R.S. § 23–1501(A)(3);[3] and (V) Violations of Arizona's Earned Sick Time Statute.

## DISCUSSION

**1. Legal Standard**

Federal Rule of Civil Procedure 8(a) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a), so that the defendant receives "fair notice of what the . . . claim is and the grounds upon which it rests," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To survive a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Id.* When analyzing a complaint for failure to state a claim, "allegations of material fact are taken as true and construed in the light most favorable to

---

[3] In his response, Plaintiff admits that Count IV is barred by the statute of limitations. (Doc. 18 at 6–7). Accordingly, Defendants' Motion to Dismiss Count IV is granted.

the nonmoving party." *Buckey v. Cnty. of L.A.*, 968 F.2d 791, 794 (9th Cir. 1992). Legal conclusions couched as factual allegations, however, are not given a presumption of truthfulness, and "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir. 1998).

**2. Analysis**

  **a. ADA Claims**

Defendant Good Works challenges Plaintiff's ADA claims on the grounds that the ADA does not apply to Good Works at all because it did not have enough employees to qualify as an "employer" under the statute. (Doc. 11 at 15–16). The ADA applies to covered entit[ies], which includes employer[s]. 42 U.S.C. § 12111(2). "Employer," as defined by the act, includes a person or entity "engaged in an industry affecting commerce who has 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year . . . ." *Id.* § 12111(5)(A). Defendant Good Works alleges that throughout the 2022 calendar year, it was not considered an "employer" under the ADA because it did not employ enough employees. (Doc. 11 at 15–17).

Defendant's argument is not ripe for the Motion to Dismiss stage. Defendant seeks to dismiss Plaintiff's ADA claims for failure to state a claim on which relief can be granted. As mentioned above, this Court looks to the Plaintiff's complaint, viewed in the light most favorable to Plaintiff, to determine whether Plaintiff has stated a claim. Plaintiff's complaint specifically alleges that Good Works was "an employer of more than fifteen persons" during the time material to his Complaint. (Doc. 1 at 3). Such an assertion is well plead and sufficient to overcome Defendant Good Works's argument for dismissal of the ADA claims.

Defendants' Motion to Dismiss highlights the premature timing of its argument. To make the argument, Defendants attach hundreds of pages of payroll data to its Motion to Dismiss and present a statement of facts similar to a Contravening Statement of Facts commonly included in a Motion for Summary Judgment. These attachments, while likely

relevant to the case, cannot be properly considered by the Court at this stage. Plaintiff has not yet enjoyed a discovery period with which he could challenge Defendants' argument.

As such, accepting Plaintiff's well-plead facts as true and viewing those facts in the light most favorable to the Plaintiff, Good Works qualified as an employer under the ADA for purposes of the Motion to Dismiss.

### b. Arizona Paid Sick Leave Claim

In Count V, Plaintiff alleges Defendants together denied him earned paid sick leave. Arizona law prohibits employers from preventing, or retaliating against, employees for using earned sick time. A.R.S. § 23–374. An employer is presumed to have retaliated if adverse action is taken within 90 days of the employee's use of sick time. *Id.* § 23-364(B).

Good Works argues that it could not have violated this statute because it "went above and beyond any federal or state statute" by providing Plaintiff full pay during his absences. (Doc. 11 at 20–21). This argument, like the one above, is pre-mature for this stage of litigation. Whatever merits Good Works' defense may hold, all well-pled facts are taken as true and viewed in the light most favorable to the Plaintiff. Accordingly, the Paycheck history report submitted by Defendants, (Doc. 11-8 at 2–3), while potentially relevant for purposes of summary judgment, cannot be properly considered at this stage of litigation. What remains then is Plaintiff's Complaint, which, for the purposes of a Motion to Dismiss, sufficiently pleads a set of facts that moves Plaintiff's Count V allegations to the next stage: Plaintiff took earned sick time and was later terminated within 90 days.

As such, Plaintiff sufficiently pled his Paid Sick Leave Claim as to Defendant Good Works.

### c. Claims Against Non-Corporate Defendants

As mentioned above, Plaintiff also included Mr. and Mrs. Hayward and the GR Hayward Family Trust ("Individual Defendants") in his allegations under Count V. The Individual Defendants seek dismissal as Parties to this suit. Members, managers, and employees of limited liability companies ("LLC") generally are immune from suit based on the conduct of the LLC:

> A debt, obligation or other liability of a limited liability company is solely the debt, obligation or other liability of the company. A member or manager is not personally liable, directly or indirectly, by way of contribution or otherwise, for a debt, obligation or other liability of the company or for the acts or omissions of any other member, manager, agent or employee of the company, solely by reason of being or acting as a member or manager.

A.R.S. § 29-3304(A). There are exceptions to this limited liability, and some are outlined in statutory language. The Arizona Earned Paid Sick Time Act, on which Plaintiff bases Count V, includes an expansive definition of "employer": "any corporation, proprietorship, partnership, joint venture, limited liability company, trust, association, political subdivision of the state, individual or other entity acting directly or indirectly in the interest of an employer in relation to an employee, but does not include the state of Arizona or the United States." A.R.S. § 23-371(G). Indeed, Courts have treated individuals as employers alongside corporate entities under § 23-371(G). *See Delgado v. Dempsey's Adult Care Home, LLC*, No. 22-15176, 2023 WL 3034263, at *2 (9th Cir. Apr. 21, 2023). Fundamentally, whether the Individual Defendants took actions to qualify them as employers under the Arizona act involves determinations of facts not appropriate at the motion to dismiss stage. Plaintiff's allegation that the Individual Defendants had ownership stakes in Good Works, which is no doubt an employer under the act, is sufficient for this stage of litigation.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss For Failure to State a Claim (Doc. 11) is **DENIED IN PART** and **GRANTED IN PART**. It is granted as to Count IV—Wrongful Termination. It is denied in all other respects.

Dated this 8th day of May, 2024.

_____
G. Murray Snow
Chief United States District Judge